# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:09cv461-V-02
## (3:03cr64-1-V)

| | |
|---|---|
| ANTWAINE LAMAR McCOY,   )<br>                             )<br>   Petitioner,              )<br>                             )<br>   v.                        )<br>                             )<br>UNITED STATES OF AMERICA,    )<br>                             )<br>   Respondent.               )<br>_____) | **ORDER and NOTICE** |

**THIS MATTER** is before this Court upon Petitioner's Motion to Dismiss the Government's Request for Extension of Time (Doc. No. 7); Respondent's Motion to Dismiss (Doc. No. 9); and its Motion for Leave to File Response Out of Time (Doc. No. 10).

On February 13, 2009,[1] Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, alleging several claims of ineffective assistance of counsel. (Doc. No. 1). On February 4, 2011, the Court entered an Order directing Respondent to file an Answer to Petitioner's § 2255 Motion. (Doc. No. 3). Thereafter, on March 21 and May 2, 2011, counsel for Respondent filed a first and second Motion for Extension of Time, respectively. (Doc. Nos. 4 and 5). By an Order filed May 9, 2011, the Court dismissed Respondent's first Motion for Extension of Time as moot, but granted the second Motion, <u>nunc pro tunc</u>. (Doc. No. 6). The Court's Order further directed Respondent to file its Answer to Petitioner's Motion to Vacate on or before May 31, 2011. (<u>Id.</u>).

---

[1] Although Petitioner's Motion to Vacate was received and filed with the Court on February 13, 2009, it was not entered on the record until October 27, 2009.

Also on May 9, 2011, Petitioner signed and mailed to the Court his Motion to Dismiss the Government's Request for an Extension, asserting that the Government had been given sufficient time in which to file its response. (Doc. No. 7 at 2). Nevertheless, because the Court already had found that Respondent's Motion for an Extension was supported by good cause, Petitioner's Motion to Dismiss will be <u>dismissed</u> as moot.

On June 3, 2011, Respondent filed its Motion to Dismiss (Doc. No. 9), and its Motion for Leave to file Response Out of Time (Doc. No. 10). Taking such documents out of Order, by its Motion for Leave, Respondent asserts that it filed its Response three days beyond the May 31, 2011 deadline due, in part, to counsel's absence from her office as a result of the serious illness and hospitalization of an immediate family member. (Doc. No. 10 at 1). For good cause shown, Respondent's Motion for leave to file Response Out of Time will be <u>granted</u>.

As to Respondent's Motion to Dismiss, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding <u>pro se</u> of his obligation to respond to Respondent's Motion.

When a motion to dismiss is filed simultaneously with an answer, the motion should be construed as one for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. <u>Walker v. Kelly</u>, 589 F.3d 127, 139 (4th Cir. 2009).[2] Nonetheless, a motion for a judgment on the pleadings is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Rule 12(b)(6). <u>Id.</u> at 139.

In responding to a motion for judgment on the pleadings, Petitioner must show that he has made sufficient allegations to support a cause of action which is recognized by law.

---

[2] Rule 12(c), Federal Rules of Civil Procedure, provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for a judgment on the pleadings."

Petitioner's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). In the context of a § 2255 proceeding, the factual allegations must be sufficient to allow the court to draw the reasonable inference that Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in the Rules Governing Section 2255 Proceedings, Rule 1, 28 U.S.C.A. foll. § 2255. In considering Petitioner's Motion to Vacate, the court "'need not accept [his] legal conclusions drawn from the facts,' nor need it "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir.2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006).

Petitioner is also advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Motion to Vacate as well as those attached to the de facto motion for judgment on the pleadings, so long as those documents "are integral to the complaint and authentic.". Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Petitioner is further advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Respondent's motion for judgment on the pleadings, such action may result in the conversion of the motion for judgment on the pleadings to a motion for summary judgment under the Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Dismiss Respondent's second Motion for Extension of Time (Doc. No. 75) is **DISMISSED as moot**.

2. Respondent's Motion for Leave to File Response Out of Time (Doc. No. 10) is

**GRANTED**.

3.  Within thirty (30) days from the entry of this Order, Petitioner shall file his response to the motion for judgment on the pleadings.  <u>Petitioner's failure to respond may result in the Court's granting a judgment on the pleadings for Respondent, that is, in the dismissal of the Motion to Vacate with prejudice.</u>

4.  The Clerk is directed to send copies of this Order and Notice to the parties.

**SO ORDERED**.

Signed: June 3, 2011

Richard L. Voorhees
United States District Judge