# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-CV-00461-RLV
# (3:03-CR-00064-RLV)

| ANTWAINE LAMAR MCCOY, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. No. 1). For the reasons that follow, Petitioner's Motion will be denied and dismissed.

## I. BACKGROUND

The record of Petitioner's underlying criminal case reflects that he was the sole defendant charged in a six-count indictment by the grand jury sitting in the Western District of North Carolina on April 29, 2003. The charges involved possession with intent to distribute cocaine and cocaine base, and with being a felon in possession of a firearm. (3:03-CR-0064, Doc. No. 1: Indictment). On or about August 13, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner of his previous convictions for possession with intent to sell or deliver cocaine, both in Mecklenburg County Superior Court in 1992 and 1993 (Doc. No. 11).

On April 28, 2004, Petitioner entered into a Plea Agreement with the government wherein he agreed to plead guilty to Counts One and Three in return for the Government's agreement to dismiss the remaining counts. (Doc. No. 17). Petitioner stipulated that the amount of cocaine involved in Count One was "known or reasonably foreseeable by the defendant [to

be] **at least 500 grams but less than 2 kilos**." (Id. at 2 ¶ 7(a)) (emphasis in original). Petitioner further stipulated that his criminal history qualified him as Armed Career Criminal, and as such, he would be sentenced to a minimum term of 15-years for conviction of Count Three. (Id. at 2 ¶ 7(b)). The Plea Agreement also provided that Petitioner agreed to waive his right to bring a Section 2255 action challenging his conviction or sentence except on the grounds of ineffective assistance of counsel and/or prosecutorial misconduct. (Id. at 5 ¶ 20).

On June 16, 2004, Petitioner appeared with counsel before the magistrate judge for his Rule 11 hearing. Following a lengthy and thorough colloquy, the magistrate judge accepted Petitioner's plea of guilty to Counts One and Three. On February 14, 2005, Petitioner appeared with counsel before the Court for his sentencing hearing and was sentenced to 262-months imprisonment for conviction of Count One and Count Three with both sentences to run concurrently. (Doc. No. 26: Judgment at 2). The Judgment was entered on March 15, 2005, and Petitioner filed a Notice of Appeal on August 10, 2005. (Doc. No. 28). The Government filed a motion to dismiss the appeal as untimely because it was not filed within 10 days from entry of the judgment. The Fourth Circuit agreed and dismissed the appeal. United States v. McCoy, No. 05–4865 (4th Cir. filed Jan. 18, 2006). (Doc. No. 39). Petitioner then filed a motion under 28 U.S.C. § 2255 alleging his trial counsel was ineffective for failing to file a written appeal from the Court's Judgment after being instructed to do so. (Doc. No. 45). The Court found that it appeared that Petitioner's trial counsel had failed to file an appeal after being directed to do so and therefore granted Petitioner's Section 2255 motion. The Court vacated the Judgment and entered an Amended Judgment from which Petitioner filed a timely appeal. (Doc. No. 52).

On May 15, 2007, the Fourth Circuit, in an unpublished, per curiam opinion, affirmed Petitioner's conviction and sentence. Petitioner's appellate counsel filed a brief pursuant to

Anders v. California, 386 U.S. 738 (1967). However, Petitioner's appellate counsel still argued that Petitioner's "trial counsel was ineffective for failing to object to McCoy's armed career criminal and career offender classifications because his prior convictions were unconstitutional double jeopardy." United States v. McCoy, 227 F. App'x 301 (4th Cir. 2007). Petitioner's counsel argued his "prior convictions amounted to double jeopardy because McCoy had already been penalized when North Carolina assessed a controlled substance tax against him for the drugs involved." Id. at 301-02. Petitioner filed a supplemental brief which asserted the same argument. The Court concluded that although ineffective assistance of counsel claims are normally improperly pled on direct appeal, the Court can determine such claims if it "appears conclusively from the record that counsel's performance was ineffective." Id. at 302 (citing United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999)). The Court found that there was no conclusive evidence from the record before the Court that Petitioner's trial counsel was ineffective for failing to raise the double jeopardy argument at the trial level. The Court found that:

> [t]he documentation proffered by McCoy of North Carolina's controlled substance tax assessments against him does not pertain to the prior convictions used to classify McCoy as an armed career criminal and career offender. Thus, McCoy fails to establish his counsel was ineffective for failing to object on those grounds, and his ineffective assistance of counsel claim is not cognizable on direct appeal.

Id.

The United States Supreme Court denied Petitioner a writ of certiorari on February 18, 2008. McCoy v. United States, 552 U.S. 1214 (2008).

Petitioner filed this timely Section 2255 motion and therein contends that he received ineffective assistance of counsel from both his trial counsel and appellate counsel, in violation of the Fifth and Sixth Amendments. (3:09-CV-00461; Doc. No. 1-1: Supporting Memorandum at

3

3).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. The Government filed a response contending the Petitioner's Section 2255 motion should be denied. (Doc. No. 8).

Petitioner requests an evidentiary hearing if the Court should determine that there is a need to weigh his credibility or that of his defense counsel when considering his claim for ineffective assistance of counsel. (Doc. No. 1-1 at 13). After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing based on the prior court record, and the documents and arguments presented by the parties. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).[1]

## III. DISCUSSION

Petitioner has raised claims of ineffective assistance of counsel against his trial and appellate counsel. First, Petitioner contends that his counsel was ineffective for failing to properly challenge the use of prior felony state drug convictions to support his status as an Armed Career Criminal. Second, Petitioner contends that in determining whether he qualifies as an Armed Career Criminal, the Court must consider his state criminal history and how those state crimes would be punished at the time of his sentencing in federal court. Third, Petitioner

---

[1]Following the filing of the Government's Response, the Court advised Petitioner, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his obligation to respond. (Doc. No. 11).

contends that his state conviction for voluntary manslaughter does not qualify as a crime of violence for purposes of determining his status as an Armed Career Criminal. Fourth, Petitioner maintains that his counsel was ineffective for failing to properly object to and challenge "the cumulative effects of the multiple errors" in his case. (Doc. No. 1-1 at 26).

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687–91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 ( citing Hutchins v. Garrison, 724 F.2d at 1430–31 (4th Cir.1983)). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir.1998). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir.1983). Indeed, the petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where defendant has pled, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). In order to demonstrate an entitlement to relief when the claim involves a sentencing issue, Petitioner must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248–49 (4th Cir.1999).

Petitioner raises four claims of ineffective assistance counsel. After considering the record in this matter, and the applicable law, the Court concludes that Petitioner's claims are without merit.

1. Petitioner's Prior State Drug Convictions

Petitioner contends that his counsel was ineffective for failing to object to and properly challenge his prior state felony drug convictions on double jeopardy grounds. Petitioner asserts that in 1992 and 1993, "North Carolina imposed a drug tax on [Petitioner] as a criminal penalty for his possession of cocaine, therefore his subsequent criminal prosecution and sentencing for the same possession offense constituted multiple punishment, in violation of the Double Jeopardy Clause." (3:09-CV-00461, Doc. No. 14: Petitioner's Response at 6). According to Petitioner, those state court drug convictions cannot therefore be used as qualifying offenses for the purpose of determining his status as an Armed Career Criminal. Petitioner misreads, at best, the record which was before this Court at sentencing, and which he has presented in connection with his effort to secure relief under Section 2255.

Petitioner attaches two documents from the North Carolina Department of Revenue entitled "Warrant for Collection of Taxes." (Doc. No. 14 at 34, 36). These documents simply do not support Petitioner's claim that his state court drug convictions were obtained in violation of his right to double jeopardy because his state drug convictions occurred <u>before</u> he was assessed a tax on the drugs that were arguably related to the underlying convictions. As noted in the Section 851 Information, (3:05-CR-00064, Doc. No. 11), Petitioner sustained his felony drug convictions in 1992 and 1993. (3:09-CV-00461, Doc. No. 14 at 34-35 (1992 conviction) and 37-38 (1993 conviction)). The documents from the North Carolina Department of Revenue were not generated and served on Petitioner until at least 1996. (<u>Id.</u> at 33, 36). Petitioner plead guilty to the state court drug offenses and there is no evidence that he appealed or otherwise collaterally attacked those conviction or sentences in a state proceeding. Thus, the sentences and convictions would have become final years before the tax warrants were issued.

In <u>United States v. Avery</u>, 392 F. App'x 72, 75 (4th Cir. 2010), the Court considered the appeal of a petitioner who had been assessed a tax by the North Carolina Department of Revenue for possession of drugs, and then later convicted in connection with the drug possession. The <u>Avery</u> Court found as follows:

> In <u>Lynn v. West</u>, 134 F.3d 582-588-93 (4th Cir. 1998), we held that North Carolina "drug tax" is a criminal penalty for purposes of the Double Jeopardy Clause. Thus, the drug offense for which the drug tax was paid cannot be counted as a predicate offense toward a career offender designation. <u>United States v. Brandon</u>, 363 F.3d 341, 345-46 (4th Cir. 2004).

The Court in <u>Avery</u> drew a clear distinction between one who had paid a drug tax <u>prior</u> to conviction and one who had been assessed with the tax <u>after</u> the conviction. In overruling the petitioner's argument, the <u>Avery</u> Court concluded that because Avery could not prove "that he was assessed and in fact paid the drug tax prior to his conviction . . . we conclude the district

7

court did not err on this basis in counting the 1995 drug offense as a predicate offense for purposes of the career offender designation." Id. at 75.

In the present case, Petitioner was clearly convicted prior to being assessed with a tax by the North Carolina Department of Revenue. In fact, according to Petitioner's evidence, he was assessed with the tax over three years after he was convicted of the underlying state drug offenses. Moreover, Petitioner has provided no evidence that he actually paid the tax after receiving the assessment, and in any event he certainly did not pay the tax prior to his convictions for the state criminal drug charges.

Petitioner's argument that his state court drug convictions were obtained in violation of double jeopardy is without merit. Accordingly, Petitioner's counsel, trial or appellate, could not therefore have rendered ineffective assistance of counsel on this issue. Petitioner's argument is denied and dismissed.

2. Calculation of Petitioner's Sentence

Petitioner contends that the trial court erred in not considering his state court convictions, which served as the basis for Armed Career Criminal status, as those convictions were treated under North Carolina law at the time of his sentencing on the federal charges. The issue of how to treat the state court offenses was resolved by the United States Supreme Court in McNeill v. United States, 131 S. Ct. 2218 (2011). In McNeill, the Court determined that:

> [T]he plain text of the ACCA requires a federal sentencing court to consult the maximum sentence applicable to a defendant's previous drug offense at the time of his conviction for that offense. The statute requires the court to determine whether a "previous conviction" was for a serious drug offense. The only way to answer this backward-looking question is to consult the law that applied at the time of that conviction.

Id. at 2221-22.

8

The Court then turned to North Carolina Structured Sentencing Act ("SSA"). McNeill had been charged with drug offenses which were committed in North Carolina in 1991 and 1992, specifically, selling cocaine and possession of cocaine with intent to sell. Petitioner was convicted of those offenses in November 1992. The Court explains:

> At the time of McNeill's November 1992 conviction and sentencing, North Carolina law dictated that the maximum sentence for selling cocaine in 1991 and the maximum sentence for possession of cocaine with the intent to sell in 1992 was 10 years in prison. (internal citations omitted). McNeill's 1992 convictions were therefore for "serious drug offenses" within the meaning of ACCA.

Id. at 2224. The Court continues by noting that the SSA became effective for drug offenses occurring on or after October 1, 1994 ("the effective date"). Thus, drug offenses committed before the effective date, and prosecuted after the effective date, would still be subject to the law applicable in effect prior to October 1, 1994. Id.

Turning to the present case, the evidence of record makes plain that Petitioner was convicted of felony drug offenses before October 1, 1994, which carried a maximum term of imprisonment of 10-years. (Doc. No. 14 at 34-35, 37-38). These were serious drug offenses for the purposes of the ACCA and McNeill makes clear that the sentencing court must consider those offenses under the punishment scheme as it existed at the time of the convictions in state court. Accordingly, neither Petitioner's trial or appellate counsel could have rendered ineffective assistance of counsel in failing to press an incorrect statement of the law.

    3.     Petitioner's Voluntary Manslaughter Conviction

Petitioner contends that the United States Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), demonstrates that his counsel was ineffective for failing to object to the Court finding his voluntary manslaughter conviction to be a crime of violence which would serve as a predicate offense to determine his Armed Career Criminal status.

In <u>Begay</u>, the Supreme Court decided that a conviction for driving under the influence was not a "violent felony" which could subject Begay to a mandatory term of 15 years under the ACCA. <u>Id.</u> at 139 ("The Armed Career Criminal Act imposes a special mandatory 15-year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or "violent felon[ies]. 18 U.S.C. § 924(e)(1) (2000 ed., Supp. V.) The question in this case is whether driving under the influence of alcohol is a "violent felony" as the Act defines it. We conclude that it is not.").

The Court's holding in <u>Begay</u> is of absolutely no assistance to Petitioner. The Fourth Circuit has long held that voluntary manslaughter is a crime of violence for purposes of determining career offender status and the Court's decision in <u>Begay</u> has done nothing to disturb this conclusion. <u>See</u> <u>United States v. Payton</u>, 28 F.3d 17 (4th Cir. 1994) (the Court noted that the Guidelines, § 4B1.2, expressly enumerates manslaughter as a crime of violence); <u>see also</u> <u>United States v. Peterson</u>, 629 F.3d 432, 435 (2011) (finding that manslaughter is a crime of violence after <u>Begay</u>).

Because manslaughter is a crime of violence which supports a finding of Petitioner's status as an Armed Career Criminal, Petitioner's counsel could not have rendered ineffective assistance of counsel in failing to pursue this line of attack. Petitioner's argument is overruled.

4.      <u>Counsel's Failure to Argue the Effect of Cumulative Errors</u>

The Court has concluded that Petitioner's arguments thus far fail to demonstrate alleged errors amounting to ineffective assistance of counsel, when considered separately, or collectively. Accordingly, it follows then that this final argument contending cumulative errors represent ineffective assistance of counsel must be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion, (3:09-cv-461, Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right). <u>McNeill v. United States</u>, 131 S. Ct. 2218 (2011).

Signed: July 11, 2012

Richard L. Voorhees
United States District Judge